1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:07-mc-00129 KJM AC

12                  Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   SCOTT MICHAEL VOGELSANG,

15                  Defendant.

16

17          Defendant is proceeding in this action pro se, and this matter was accordingly referred to

18   the undersigned pursuant to Local Rule 302(c)(21).  This miscellaneous matter arises out of a

19   Writ of Garnishment (Interest in Withheld Money) directed to the Garnishee California

20   Department of Health Services, which was duly issued and served upon the Garnishee in late

21   2007, in order to partially satisfy the outstanding debt owed by the Defendant and Judgment

22   Debtor Scott Michael Vogelsang ("Judgment Debtor").  ECF No. 5.  The balance owed by the

23   Judgment Debtor was $170,552.84 as of April 7, 2008.  Id.  On December 5, 2007, the Garnishee

24   filed an Answer of Garnishee stating that at the time of service of the Writ, the Garnishee had

25   custody or possession of properties (non-earnings), in which the "Judgement Debtor" maintains

26   an interest in the amount of $41,807.95. ECF No. 6.  On May 16, 2008, then-Magistrate Judge

27   Kimberly J. Mueller issued an order stating: "the Garnishee California Department of Health

28   Services shall turn over the amount of $41,807.95, payable to the Clerk of the Court . . .[and] that

                                              1

upon receipt of payment, the Writ of Garnishment is hereby terminated." ECF No. 19 at 2.

In February of 2020, nearly 12 years later, Mr. Vogelsang filed the motion to compel that is now before the court, demanding the payment owed from the Garnishee. ECF No. 22. Mr. Vogelsang also requests 10% interest and "extensive punitive penalties" for the delay. Id. at 2. On March 9, 2020, the Garnishee submitted the $41,807.95 to the Clerk of Court. ECF No. 27. The Plaintiff, United States of America, contends that the motion to compel is now moot, and opposes interest and sanctions on the ground that there is no legal basis for either. ECF No. 28. The United States notes that, while the delay is regrettable, there was no due date for payment in either the original Writ or the 2008 order from Judge Mueller. Id. Defendant submitted a 71-page reply brief, arguing that sanctions are appropriate and that the court should apply California contract law to assess interest. ECF No. 31.

The undersigned agrees with Plaintiff that this motion to compel payment is moot in light of the payment that has recently been made by the Garnishee, and that no further penalties or assessment of interest are appropriate. While over a decade of delay in payment is troublesome, Plaintiff is correct that no date was set for the Garnishee's payment. See ECF Nos. 5, 19. Accordingly, there has been no violation of a court order. This is not a breach of contract case; no contract exists between Mr. Vogelsang and the Garnishee. Accordingly, the law that Defendant cites in support of an award of interest has no application here. Defendant has identified no other legal basis for the court to impose interest or sanctions here, and the court is aware of none.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that the motion to compel at ECF No. 22 be DENIED as MOOT and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen (14) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 3, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE